IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CYNTHIA MARIE LAWSON, et al.,
    Plaintiffs,

v.                                                    Case No. 5:11cv119/RS/CJK

CRYSTAL KELLY, et al.,
    Defendants.

_____

ORDER and
<u>REPORT AND RECOMMENDATION</u>

       This cause is before the court upon plaintiffs' civil rights complaint (doc. 1), filed pursuant to 42 U.S.C. § 1983, and joint motion for leave to proceed *in forma pauperis* (doc. 7). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. Upon review of plaintiffs' complaint, however, the court concludes plaintiffs have not presented and cannot present an actionable claim under § 1983. Dismissal of this case is therefore warranted.

       Because plaintiffs are proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiffs' *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are

governed by the same standard as FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiffs. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim. *See Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiffs' complaint names four defendants, all of whom are private parties: (1) Crystal Kelly ("Ms. Kelly"), a landlord; (2) Dan Kelly ("Mr. Kelly"), a neighboring tenant and the landlord's brother; (3) Lucile J. Wasson; and (4) an unnamed maintenance worker and groundskeeper. (Doc. 1, 2-3) Plaintiff Dyson alleges permanent disability, stating that he suffers from a rare genetic disorder. (Doc. 1, 3) Dyson contends Ms. Kelly discriminated against him by threatening to have his service dog removed from the premises and put down. Ms. Kelly, Dyson asserts, also refused to refund prepaid rent and deposit monies after plaintiffs discovered conditions making the premises unhabitable. (Doc. 1, 3, 5) According

to plaintiffs, Mr. Kelly subsequently unhooked and tampered with their cable connection. (Doc. 1, 3) Finally, plaintiffs contend that the unnamed maintenance worker harassed them by piling up sticks and lawn trash outside the entrances, threatening Dyson's service dog, and making lewd and lascivious remarks to Dyson's caretaker. (Doc. 1, 3) The complaint does not discuss how Ms. Wasson violated plaintiffs' rights under the Constitution, laws, or treaties of the United States. Plaintiffs ultimately assert violations of their rights under the Civil Rights Acts of 1964 and 1991, including Title VII of the 1964 law, the Americans with Disabilities Act, the Fair Housing Act and the National Housing Act, the Occupational Safety and Health Act, and the Genetic Information Nondiscrimination Act of 2008. (Doc. 1, 4)

In order to prevail in a civil rights action under § 1983, a plaintiff must establish that a person acting under color of state law deprived her of a right, privilege, or immunity secured by the Constitution or federal law. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id*. at 1303. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotations omitted). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far

>insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted). In the instant case, even liberally construing plaintiffs' allegations, they do not remotely suggest the kind of action that would subject any of these private party defendants to § 1983 liability as a "state actor." To the extent plaintiffs assert violations of their civil rights, plaintiffs' § 1983 claims must therefore be dismissed.

Plaintiffs also allege violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-213, under which "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Here, plaintiffs fail to state a claim of discrimination under § 12132 because they fail to allege that any defendant is a "public entity." *See Edison v. Douberly*, 604 F.3d 1307, 1308 (11th Cir. 2010) ("Only public entities are liable for violations of Title II of the ADA."); *Hawkins v. Hamlet, Ltd.*, 296 F. App'x 918, 919 (11th Cir. 2008) ("Since Hawkins was unable adequately to allege that Hamlet is a public entity . . . the district court was required to dismiss his ADA claim.").

Pursuant to 42 U.S.C. § 12182(a), "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Plaintiffs also fail to state a claim of discrimination under

§ 12182 of the ADA because they do not allege that the apartment complex is "a place of public accommodation." Moreover, fatal to both claims is that plaintiffs fail to allege they were discriminated against *because of* plaintiff Dyson's disability. *See* 42 U.S.C. §§ 12132, 12182. Rather, plaintiffs assert they were harassed and denied their rent and security deposits because they raised complaints about the living conditions. (Doc. 1, 3, 5) Accordingly, plaintiffs' discrimination claims under the ADA must be dismissed.

The ADA also contains an anti-retaliation provision, which provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). The ADA's anti-retaliation provision is similar to Title VII's prohibition on retaliation. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). Accordingly, this court assesses retaliation claims asserted under the ADA under the same framework used for Title VII retaliation claims. *See id.* "To establish a prima facie case of retaliation, a plaintiff must show that he engaged in statutorily protected conduct, he suffered adverse action, and there is a causal connection between the protected conduct and the adverse action." *Smith v. BellSouth Telecomms., Inc.*, 273 F.3d 1303, 1314 (11th Cir. 2001). To the extent plaintiffs attempt to state a retaliation claim under the ADA, the claim must be dismissed because plaintiffs do not allege they were retaliated against because they reported discrimination on the basis of disability. Instead, plaintiffs state they were retaliated against because they complained of the living conditions. (Doc. 1, 3, 5)

For similar reasons, plaintiffs' Fair Housing Act ("FHA") claims do not fare any better.  The FHA makes it unlawful to "discriminate against any person in terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap."  42 U.S.C. § 3604(f)(2)(A).  Plaintiffs, however, do not allege that defendants declined to rent them a dwelling.  Additionally, discrimination under the FHA includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [the handicapped] person equal opportunity to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B).  Plaintiffs do not maintain that defendants refused to make reasonable accommodations, either.

The FHA also makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by" § 3604.  42 U.S.C. § 3617.  Plaintiffs, in effect, allege that defendants intimidated and threatened plaintiff Dyson's service dog, in violation of 42 U.S.C. § 3617.  But plaintiffs do not allege the causal relationship necessary to maintain a retaliation claim under 42 U.S.C. § 3617.  In other words, plaintiffs do not contend that Ms. Kelly threatened the service dog in retaliation for Dyson's exercise or enjoyment of a right protected by 42 U.S.C. § 3604.  Rather, plaintiffs merely assert that defendants retaliated against them because they took issue with the habitability of the rental premises.  (Doc. 1, 3, 5)  Accordingly, any retaliation claim plaintiffs might have raised under the FHA must be dismissed.

To the extent plaintiffs rely on the Occupational Safety and Health Act ("OSHA") to assert a ground for relief, these claims, too, must be dismissed.  OSHA

requires that each employer "'furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees . . . .'" *See Cent. of Ga. R.R. Co. v. Occupational Safety and Health Review Comm'n*, 576 F.2d 620, 621 (5th Cir. 1978) (quoting 29 U.S.C. § 654(a)). OSHA also directs each employer to "comply with occupational safety and health standards promulgated under" the Act. *Id.* Plaintiffs, however, do not establish that defendants are employers or that the apartment dwelling is a place of employment. On the contrary, plaintiffs characterize defendant Crystal Kelly as a "landlord" and refer to her defendant brother, Dan Kelly, as a "neighboring tenant." (Doc. 1, 3)  As a result, plaintiffs cannot maintain a successful cause of action under OSHA.

Likewise, plaintiffs fail to demonstrate the applicability of the Genetic Information Nondiscrimination Act ("GINA"), which prohibits discrimination on the basis of genetic information in the provision of health insurance or employment. *See* 42 U.S.C. § 2000ff1. Beyond listing GINA as the basis for one of their claims, moreover, plaintiffs allege no facts in support of a GINA action—there are no allegations that any defendant asked for or obtained plaintiff Dyson's genetic information or, even assuming *arguendo* that such information was made available to defendants, that such information was used to discriminate against plaintiff. Accordingly, the court will dismiss plaintiffs' claims under GINA.

Finally, the court must dismiss plaintiffs' claims brought under the National Housing Act, which prohibits discrimination on account of sex in the extension of mortgage assistance. *See* 12 U.S.C. § 1735f-5(a). Plaintiffs merely list the National Housing Act as the basis for one of their claims, but clearly fail to set forth factual

allegations such as might implicate the Act or any of its provisions. For these reasons, all of plaintiffs claims must be dismissed.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In this case, amendment would be futile; dismissal is thus appropriate.

To the extent plaintiff's *pro se* amended complaint may be liberally construed as raising health and safety violations under state law, the court lacks jurisdiction over such actions, as plaintiff fails to establish the requirements for diversity jurisdiction, or any other basis for this court's jurisdiction. *See* 28 U.S.C. § 1332. Although a district court may, in its discretion, exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), the undersigned recommends that the court decline to exercise such jurisdiction in this instance. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

Accordingly, it is ORDERED:

Plaintiffs' motion to proceed *in forma pauperis* (doc. 7) is GRANTED.

And it is respectfully RECOMMENDED:

1. That this action be DISMISSED as follows:

    a. Plaintiffs' federal claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

    b. Plaintiffs' state law claims be DISMISSED WITHOUT PREJUDICE to plaintiffs filing them in the appropriate state court.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 13th day of October, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).